UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 |
| Rancher's Legacy Meat Co., | Case 19-32928 |
| Debtors. | |

| | |
|---|---|
| Rancher's Legacy Meat Co., as Debtor-in-Possession and the Official Committee of Unsecured Creditors of Rancher's Legacy Meat Co., | Adversary No.: 19-30905 |
| Plaintiffs, vs. | |
| James L. Ratcliff and Great Western Bank, | |
| Defendants | |

**FIRST AMENDED ANSWER OF DEFENDANT JAMES L. RATCLIFF**

James L. Ratcliff ("Defendant Ratcliff),") as and for his answer to the Plaintiff's complaint, hereby alleges as follows:

1. Defendant Ratcliff hereby denies each and every allegation contained in said complaint, except as specifically admitted below.

2. Defendant Ratcliff admits the allegations set forth in paragraphs 1,6,11,13,15,16,21,33,48, and 55 of the complaint.

3. Defendant Ratcliff denies the allegations set forth in paragraphs 31,34,35,36,39,40,44,45,51,52,53,56 and 58 of the complaint.

4. Defendant Ratcliff is without sufficient information to admit or deny the allegations set forth in paragraphs 8,18,26,27,42 and 43 of the complaint; those allegations are therefore denied and Defendant Ratcliff puts the Plaintiff to its strictest burden of proof with respect thereto.

1

5. Responding to the allegations in paragraphs 30,37,41,46 and 54 of the complaint, Defendant Ratcliff realleges all allegations set forth herein that respond directly to the allegations referred to therein.

6. Responding to the allegations in paragraphs 2 and 9 of the complaint, Defendant Ratcliff admits that the Plaintiff is currently the debtor-in-possession in this action and affirmatively alleges that the provisions of the bankruptcy code referred to speak for themselves.

7. Responding to the allegations in paragraph 3 and 14 of the complaint, said paragraphs merely contain statements of intent that Defendant Ratcliff believes need no response, but to the extent a response is necessary, said allegations are denied.

8. Responding to the allegations in paragraph 4 of the complaint, Defendant Radcliff admits that the Court has jurisdiction over this matter.

9. Responding to the allegations in paragraph 5 of the complaint, Defendant Ratcliff affirmatively alleges that the Debtor has no right to convey standing to the Committee. Defendant Ratcliff further alleges that the Committee is an unnecessary and improper party in this adversary action, denies that the Committee has standing and objects to any fees charged to the estate for their work or the work of their attorneys as a party in this adversary action.

10. Responding to the allegations in paragraph 7 of the complaint, Defendant Ratcliff does not challenge the court's jurisdiction in this matter but denies the specific allegations in said paragraph.

11. Responding to the allegations in paragraph 10 of the complaint, Defendant Ratcliff admits that an official committee of unsecured creditors has been appointed in this case and affirmatively alleges that the sections of the bankruptcy code referred to speak for themselves.

12. Responding to the allegations in paragraph 12 of the complaint, Defendant Ratcliff strenuously denies said allegations, denies that he controls the Debtor in any way, denies that he is now or that he has been a member of the Debtor's board of directors since the sale of the stock of the company to SSJR and denies that he has a "unique position" that allows the court to consider him an insider under 11 USC § 101(31) or any other provision of the Bankruptcy Code

13. Responding to the allegations in paragraph 17 of the complaint, Defendant Ratcliff denies the allegations in said paragraph. Defendant Ratcliff affirmatively alleges that the Great Western Bank loan was executed by Defendant Ratcliff, his son James N. Ratcliff, Curtis D. Fredin and Jeffrey K. Fredin on December 2, 2011. Defendant Ratcliff further affirmatively alleges that that the $1,000,000 loan proceeds were provided to Scott Sorensen, Shawn Sorensen, Sue Ryan and James Bradshaw, who in turn, then, upon

information and belief, distributed to the same to the Debtor, with instructions to the Debtor to repay said amounts owed to Great Western.

14. Responding to the allegations in paragraph 19 of the complaint, Defendant Ratcliff alleges that the documents referred to in said paragraph speak for themselves and deny any allegations in said paragraph to the extent that they are inconsistent with the express terms of the documents. Defendant Ratcliff affirmatively asserts that the security agreement covers most of the Debtors assets, "whether now owned or hereafter acquired, together with all proceeds and products thereof and replacements therefore."

15. Responding to the allegations in paragraph 20 of the complaint, Defendant Ratcliff alleges that the documents referred to in said paragraph speak for themselves and deny any allegations in said paragraph to the extent that they are inconsistent with the express terms of the documents.  Defendant Ratcliff affirmatively asserts that the financing statement was initially filed was filed on December 29, 2010 and was filed as a purchase money security interest in all of the equipment purchased by the Debtor with the use of the funds provided by Mr. Ratcliff in the December 3 notes.

16. Responding to the allegations in paragraphs 22 and 23 of the complaint, Defendant Ratcliff admits that certain documents concerning the sale or potential sale of the company were executed by various parties at various times, alleges that said documents speak for themselves, and denies any allegations in said paragraph that are inconsistent with the express terms of the documents.

17. Responding to the allegations in paragraph 24 of the complaint, Defendant Ratcliff alleges that the documents referred to in said paragraph speak for themselves and deny any allegations in said paragraph to the extent that they are inconsistent with the express terms of the documents.

18. Responding to the allegations in paragraph 25 of the complaint, Defendant Ratcliff alleges that the documents referred to in said paragraph speak for themselves and deny any allegations in said paragraph to the extent that they are inconsistent with the express terms of the documents.

19. Responding to the allegations in paragraph 28 of the complaint, Defendant Ratcliff denies that he ever controlled the Debtor, admits that the Debtor was rightfully paying back Great Western Bank for the benefits that it had received from the makers of the Great Western Bank loan, alleges that the Debtor agreed to pay the Great Western Bank loan as the means of re-paying the loan of the $1,000,000 it received from the makers of the Great Western Bank loan, denies that Debtor is or was legally entitled to ignore the benefit conferred to it by the makers of the Great Western Bank loan, affirmatively alleges that Debtor's regular monthly payment made on the $1,000,000 loan evidenced by the Great Western Bank loan was $6,013.00, and finally alleges that the total paid by the Debtor for the loan made by the makers of the Great Western Bank loan from February 15, 2012 to August 20, 2019 was $500,350.90.

20. Responding to the allegations in paragraph 29 of the complaint, Defendant Ratcliff denies the allegations in said paragraph, affirmatively alleges that during the 90 day preference period Debtor paid Great Western Bank $12,026.00, alleges that during the one-year preference period Debtor paid Great Western Bank $60,130.00 and alleges that the makers of the Great Western Bank loan have a valid claim against the Debtor for $638,155.37, the principal amount remaining to be paid on the Great Western Bank loan.

## COUNT ONE—PREFERENTIAL TRANSFERS

21. Responding to the allegations in paragraph 32 of the complaint, Defendant Ratcliff admits that the payments made by the Debtor to Great Western Bank were for an antecedent debt owed by the Debtor, but denies that any such payments are subject to being paid back to the Debtor under any legal theory.

## COUNT TWO – FRAUDULENT TRANSFERS

22. Responding to the allegations in paragraph 38 of the complaint, Defendant Ratcliff admits that at all times relevant to the payments made to Great Western Bank the Debtor was insolvent however Defendant Radcliff denies the remaining allegations in said paragraph.

## COUNT THREE – FRAUDULENT TRANSFERS

23. With regard to the allegations set forth in Count Three, Defendant Ratcliff relies on the responses to the specific paragraphs therein that are set out elsewhere in this answer.

## COUNT FOUR – AVOIDING SECURITY INTERESTS

24. Responding to the allegations in paragraph 47 of the complaint, Defendant Ratcliff admits that in general a debtor in possession has the powers alleged in said paragraph but denies that said powers are applicable in the facts in this case.

25. Responding to the allegations in paragraph 49 of the complaint, Defendant Ratcliff asserts that the statute referred to speaks for itself.

26. Responding to the allegations in paragraph 50 of the complaint, Defendant Ratcliff asserts that the statutes referred to speak for themselves.  Defendant Ratcliff affirmatively alleges that the security agreement provided by the Debtor in December of 2010 continued to attach to all or nearly all of the assets of the Debtor after the perfection lapsed, further alleges that the January 10, 2019 amended filing was authorized under law and under the December 3, 2010 security agreement executed by the Debtor, and further alleges that since all financing statements of any intermittent filer have been terminated (except for the Ocshner Partnership secured loan and the Nissan Motor Corporation

purchase money security interest), that the Debtor's January 10, 2019 amendment perfected first security interest in all of the assets currently owned by the Debtor, except as to general intangibles and the assets being purchased through Oschner Partnership and Nissan Motor Acceptance Corporation.

## COUNT FIVE – DISALLOWANCE OF CLAIM

27. Responding to the allegations in paragraph 57 of the complaint, Defendant Ratcliff asserts that the statutes referred to speak for themselves.

## AFFIRMATIVE DEFENSES

Affirmative Defense Number One: The complaint in whole or in part fails to state a claim upon which relief can be granted.

Affirmative Defense Number Two: The complaint fails under the theories of waiver, laches and/or estoppel.

Affirmative Defense Number Three: All payments made by the Debtor to Great Western Bank were for equivalent value.

Affirmative Defense Number Four: All payments made by the Debtor to Great Western Bank were made in the ordinary course of the Debtor's business.

Affirmative Defense Number Five: In a Chapter 7 Defendant Ratcliff would receive more than any allegedly preferential payments made to Great Western Bank.

Affirmative Defense Number Six: Debtor reserves the right to allege at trial any affirmative defenses allowed under 11 USC §§ 547 through 551 or as may exist under Minnesota law.

## PRAYER FOR RELIEF

Wherefore, Defendant Ratcliff requests that the Court:

1. Deny all relief pleaded in the complaint
2. Enter an order dismissing the complaint with prejudice.
3. Enter an order awarding Defendant Ratcliff his costs, disbursements and a reasonable attorney's fee.
4. Enter an order providing such other relief as the court deems just and equitable.

Dated: November 18, 2019          **SAPIENTIA LAW GROUP PLLC**

/e/ *Kenneth C. Edstrom*
Kenneth C. Edstrom (#148696)
120 South 6th Street, Suite 100
Minneapolis, MN  55402
Telephone: (612) 756-7108
Fax: (612) 756-7101
kene@sapientialaw.com

*Attorneys for Defendant James Ratcliff*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 |
| Rancher's Legacy Meat Co., | Case 19-32928 |
| Debtors. | |

| | |
|---|---|
| Rancher's Legacy Meat Co., as Debtor-in-Possession and the Official Committee of Unsecured Creditors of Rancher's Legacy Meat Co., | Adversary No.: 19-30905 |
| Plaintiffs, vs. | |
| James L. Ratcliff and Great Western Bank, | |
| Defendants | |

### CERTIFICATE OF SERVICE

Kenneth C. Edstrom, under penalty of perjury, states as follows:

The amended answer and this Certificate of Service were served upon all appropriate parties in this adversary action through electronic filing and service via the Court's CM/ECF system.

Dated: November 18, 2019

/e/ *Kenneth C. Edstrom*